IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF INDIANA, <br><br> Plaintiffs, <br><br> v. <br><br> LAKESHORE RAILCAR & TANKER SERVICES LLC, <br><br> Defendant. | Case No. 2:23-cv-00428 |

# COMPLAINT

The United States of America, by authority of the Attorney General of the United States, and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Indiana, on behalf of the Commissioner of the Indiana Department of Environmental Management ("IDEM"), allege the following:

## NATURE OF THE ACTION

1.  This is an action for civil penalties brought pursuant to Sections 309(b) and (d) of the federal Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and (d), Title 13 of the Indiana Code, and Title 327 of the Indiana Administrative Code ("IAC"), against Lakeshore Railcar & Tanker Services LLC ("LSRC" or "Defendant"), for the Defendant's violations of those laws and requirements of a series of Industrial Wastewater Discharge Permits issued to LSRC by the East Chicago Sanitary District "(ECSD").  Indiana is a party to this action pursuant to CWA Section

505, 33 U.S.C. § 1365. IDEM is charged with the administration and enforcement of the requirements of the CWA in and for Indiana. Ind. Code § 13-13-5-1(1).

## JURISDICTION, VENUE, AND NOTICE

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 309(b) and 505 of the CWA, 33 U.S.C. §§ 1319(b) and 1365, and 28 U.S.C. §§ 1331, 1345, and 1355.

3. This Court has supplemental jurisdiction over the state law claims asserted by Indiana pursuant to 28 U.S.C. § 1367(a) because the state claims are related to the federal claims and form part of the same case or controversy.

4. This Court has personal jurisdiction over LSRC pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b).

5. Venue is proper in the Northern District of Indiana pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because LSRC is found in and transacts business in this District and the causes of action alleged in this Complaint arose in this District.

6. As a signatory of this Complaint, Indiana has actual notice of the commencement of this action in accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## THE PARTIES

7. Plaintiff the United States of America is acting at the request and on behalf of EPA.

8. The United States Department of Justice has authority to bring this action on behalf of EPA, pursuant to 28 U.S.C. §§ 516 and 519.

9. Plaintiff the State of Indiana is acting at the request and on behalf of IDEM under Indiana law related to water pollution, as well as in the capacity of a citizen within the citizen suit provisions of the CWA.

10. The Indiana Attorney General is authorized to appear and represent Indiana in this case pursuant to Ind. Code §§ 4-6-3-2(a), 13-30-4-1, and 13-14-2-6.

11. Defendant LSRC is a Delaware limited liability company that has operated an industrial facility located at 1150 East 145th Street, East Chicago, Indiana (the "LSRC Facility" or the "Facility").

12. LSRC is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5), and a "person" within the meaning of Ind. Code § 13-11-2-158.

## LEGAL BACKGROUND

13. The purpose of the CWA is to "restore and maintain the chemical, physical and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The CWA establishes a national goal of eliminating the discharge of pollutants into navigable waters. 33 U.S.C. § 1251(a)(1).

14. The Defendant has caused the "discharge of pollutants" from "point sources" into "navigable waters" of the United States – through ECSD's Publicly Owned Treatment Works ("POTW") – within the meaning of CWA Section 502(6), (7), (12), (14), and (16), 33 U.S.C. § 1362(6), (7), (12), (14), and (16).

15. CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants by any person into navigable waters of the United States, except in compliance with the CWA. The discharge of pollutants may be authorized, inter alia, by: (i) the terms and conditions of a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to CWA

Section 402, 33 U.S.C. § 1342, but only in compliance with the applicable requirements of CWA Section 301, 33 U.S.C. § 1311, and such other conditions as the Administrator determines are necessary to carry out the provisions of the CWA, or (ii) CWA Section 307, 33 U.S.C. § 1317, which permits indirect discharge by an Industrial User through an NPDES permitted POTW, but only when the Industrial User complies with Federal Pretreatment Standards and Requirements, codified at 40 C.F.R. chapter I, subchapter N, (including "local limits" imposed by the POTW that are deemed to be federally-enforceable Pretreatment Standards under 40 C.F.R. § 403.5(d)).

16. Indiana is authorized by EPA, pursuant to CWA Section 402(b), 33 U.S.C. § 1342(b), to administer an NPDES permit program for discharges into navigable waters within its jurisdiction. *See* 40 Fed. Reg. 4,033 (Jan. 27, 1975).

17. IDEM has issued ECSD an NPDES permit, designated as Permit No. IN0022829, under the authority conferred by CWA Section 402(b).

18. As required by CWA Section 307(b), 33 U.S.C. § 1317(b), EPA has promulgated "General Pretreatment Regulations for Existing and New Sources of Pollution" (the "Pretreatment Regulations") set forth at 40 C.F.R. Part 403. The Pretreatment Regulations include "National Pretreatment Standards" set forth at 40 C.F.R. § 403.5, including "general prohibitions" (403.5(a)), and "specific prohibitions" (403.5(b)). Those National Pretreatment Standards prohibit introduction into a POTW of pollutants that could "pass through" a POTW without treatment or cause "interference" with a POTW's operation.

19. The Pretreatment Regulations at 40 C.F.R. § 403.8 require affected POTWs to submit a POTW Pretreatment Program for approval by EPA. The Pretreatment Regulations, at 40 C.F.R. § 403.5(c), then require a POTW with an approved pretreatment program to develop and enforce specific "local limits" which implement the National Pretreatment Standards

contained in 40 C.F.R. § 403.5(a) (general prohibition on pass through and interference) and 403.5(b) (specific prohibitions).  The local limits so developed are deemed to be Pretreatment Standards in accordance with 40 C.F.R. § 403.5(d), for the purposes of CWA Section 307(d), 33 U.S.C. § 1317(d), and are federally enforceable against "Industrial Users" of the POTW.

20. The Pretreatment Regulations, at 40 C.F.R. § 403.3, define an "Industrial User" as "a source of Indirect Discharge," and in turn define "Indirect Discharge" as "the introduction of pollutants into a POTW from any non-domestic source regulated under Section 307(b), (c), or (d) of the Act."  The Pretreatment Regulations define a "Significant Industrial User" as encompassing, inter alia, "industrial users subject to Categorical Pretreatment Standards under 40 C.F.R. § 403.6 and 40 C.F.R. chapter I, subchapter N."

21. The Pretreatment Regulations, at 40 C.F.R. § 403.8(f)(1), require that POTWs take steps to ensure compliance with pretreatment requirements imposed under CWA Section 307(d), such as:  (i) mandating compliance with applicable Pretreatment Standards and Requirements by Industrial Users (403.8(f)(1)(ii)); and (ii) controlling through permit, order, or similar means, the contribution to the POTW by each Industrial User to ensure compliance with applicable Pretreatment Standards and Requirements (403.8(f)(1)(iii)).

22. The Pretreatment Regulations, at 40 C.F.R. § 403.12, also impose certain obligations directly upon Industrial Users, in order to ensure compliance with the pretreatment requirements imposed under CWA Section 307(d), such as requiring compliance with Categorical Pretreatment Standards applicable to certain industry sectors (40 C.F.R. chapter I, subchapter N) and requiring all wastewater sample analyses to be performed in accordance with procedures contained in 40 C.F.R. Part 136 (403.12(g)(5)).

23. The ECSD POTW is subject to the Pretreatment Regulations, including the National Pretreatment Standards. EPA approved ECSD's Pretreatment Program on or about February 14, 1986.

24. During the period of time relevant to this action, the LSRC Facility has been an "Industrial User" of the ECSD POTW, and the LSRC Facility has been subject to the Pretreatment Regulations, including the National Pretreatment Standards. The LSRC Facility has been classified as a "Significant Industrial User" of the ECSD POTW because the LSRC Facility has been an Industrial User subject to: (i) the Categorical Pretreatment Standard for the Centralized Waste Treatment Point Source Category, codified at 40 C.F.R. Part 437; and (ii) the Categorical Pretreatment Standard for the Transportation Equipment Cleaning Point Source Category, codified at 40 C.F.R. Part 442.

25. In accordance with the requirements imposed by the Pretreatment Regulations, the City of East Chicago's Common Counsel has enacted a series of ordinances – currently codified at Chapter 13.13 of the Municipal Code of the City of East Chicago ("Code Chapter 13.13") – establishing Wastewater Discharge Regulations and a Pretreatment Program administered by ECSD. Code Chapter 13.13 provides, *inter alia*, that: (i) any Industrial User must obtain a Wastewater Discharge Permit based upon a permit application submitted to the City (Code Section 13.13.5.03); (ii) an Industrial User must provide necessary wastewater pretreatment as required to comply with the Wastewater Discharge Regulations and all applicable Pretreatment Standards (Code Section 13.13.5.01); (iii) an Industrial User must take various steps to avoid and address discharges that that could pass through the ECSD POTW without adequate treatment or cause "interference" with the ECSD POTW's operation, including meeting Specific Pollutant Limitations established to guard against pass through and interference

(Code Sections 13.13.3.01.1, 13.13.3.02.3, 13.13.5.04.5, and 13.13.5.04.9); and (iv) an Industrial User must perform all wastewater sampling and analyses in accordance with the techniques prescribed in 40 C.F.R. Part 136 (Code Section 13.13.5.08).

26. Between 2013 and 2023, ECSD issued a series of Industrial Wastewater Discharge Permits for Outfall 521 at the LSRC Facility (the "Facility Permits"). In conformance with requirements imposed by Code Chapter 13.13, the Facility Permits required, *inter alia*, that the LSRC Facility: (i) comply with Categorical Pretreatment Standard for the Centralized Waste Treatment Point Source Category, codified at 40 C.F.R. Part 437; (ii) comply with the Categorical Pretreatment Standard for the Transportation Equipment Cleaning Point Source Category, codified at 40 C.F.R. Part 442; (iii) comply with Code Chapter 13.13's Specific Pollutant Limitations established to guard against pass through and interference; and (iv) adhere to applicable monitoring and sample analysis requirements in performing wastewater sampling under the Facility Permits, including for any self-monitoring, consistent with 40 C.F.R. § 403.12(g)(5) and 40 C.F.R. Part 136.

27. The above-referenced requirements and prohibitions of Code Chapter 13.13 and the Facility Permits are requirements imposed in a pretreatment program approved under CWA Section 402, 33 U.S.C. § 1342, within the meaning of CWA Section 309(d), 33 U.S.C. § 1319(d).

28. The Specific Pollutant Limitations imposed by Code Chapter 13.13 and the Facility Permits included numerical discharge limits for multiple pollutants, including ammonia, arsenic, cyanide, fluoride, lead, oil and grease, phenols, and zinc.

29. The Specific Pollutant Limitations imposed by Code Chapter 13.13 and the Facility Permits are local limits which are deemed to be federally-enforceable Pretreatment Standards under 40 C.F.R. § 403.5(d) and CWA Section 307(d), 33 U.S.C. § 1317(d).

30. CWA Section 307(d), 33 U.S.C. § 1317(d), provides that "after the effective date of any effluent standard or prohibition or pretreatment standard promulgated under this section, it shall be unlawful for any owner or operator of any source to operate any source in violation of such effluent standard or prohibition or pretreatment standard."

31. During the period of time relevant to this action, the Defendant "operated" the LSRC Facility within the meaning of CWA Section 307(d), 33 U.S.C. § 1317(d).

32. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes EPA to commence a civil action for appropriate relief when any person violates, *inter alia*, any requirement imposed by a pretreatment program approved under CWA Section 402, 33 U.S.C. § 1342, or any pretreatment requirements imposed by CWA Section 307(d), 33 U.S.C. § 1317(d), including Pretreatment Standards and associated regulatory requirements (as well as pretreatment-related local limits imposed upon Industrial Users by a local ordinance or an Industrial User permit issued under 40 C.F.R. § 403.8). CWA Section 309(d), 33 U.S.C. § 1319(d), provides that any person who violates any of these requirements shall be subject to a civil penalty of up to $25,000 per day for each violation.

33. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended (the "CPIAA"), EPA has promulgated and periodically updates a Civil Monetary Penalty Inflation Adjustment Rule to adjust certain statutory maximum penalties amounts for inflation. *See* 28 U.S.C. § 2461 note; 40 C.F.R. Part 19. Under the current version of that rule, the maximum civil penalty under CWA Section 309(d) is $64,618 per day for each violation for

8

violations that occur or occurred after November 2, 2015, where the penalties are assessed on or after January 6, 2023. *See* 88 Fed. Reg. 986, 989 (Jan. 6, 2023).

34. 327 IAC 5-18-2 prohibits the introduction of certain prohibited substances into a POTW, including pollutants from any source of nondomestic wastewaters that could pass through or cause interference with the operation or performance of the POTW. 327 IAC 5-18-2 also authorizes the development and enforcement of specific limits on the introduction of such prohibited substances into a POTW by a POTW with and approved pretreatment program.

35. Pursuant to 327 IAC 5-18-4, national categorical pretreatment standards promulgated by EPA are enforceable by IDEM against an industrial user upon the incorporation by reference of the standards in 327 IAC 5-2-1.5, in accordance with Indiana Code § 4-22-2.

36. 327 IAC 5-2-1.5 incorporates by reference various federal regulations implementing the CWA, including those codified at 40 C.F.R. Part 136, 40 C.F.R. Part 403, 40 C.F.R. Part 437, and 40 C.F.R. Part 442.

37. The provisions of 327 IAC § 5-2-20 and Ind. Code §§ 13-30-4-1 and 13-14-2-6 authorize Indiana to commence a civil action "in any court with jurisdiction" for appropriate relief to address environmental violations, including violations of Title 327 of the IAC, Article 5. Such relief may include a civil penalty of up to $25,000 per day for each violation.

## THE DEFENDANT'S VIOLATIONS

38. In the months before the filing of this Complaint, the Defendant: (i) discontinued all transportation equipment cleaning operations subject to 40 C.F.R. Part 442 and all centralized waste treatment operations subject to 40 C.F.R. Part 437 at the LSRC Facility; (ii) permanently ceased discharging industrial wastewater from those Facility operations to ECSD's wastewater collection and treatment system; and (iii) decommissioned the wastewater treatment plant and

disconnected the industrial discharge pipe at the Facility.  In addition, LSRC's Industrial Wastewater Discharge Permit issued by ECSD for the Facility's discharge of industrial wastewater to Outfall No. 521 expired by its terms on October 1, 2023.

39. From at least March 2017 until the Defendant discontinued its operations at the LSRC Facility: (i) LSRC violated discharge limits imposed by Code Section 13.13 and its Facility Permits on multiple occasions, including the limits for ammonia, arsenic, cyanide, fluoride, lead, oil and grease, phenols, and zinc; and (ii) LSRC violated applicable monitoring and sample analysis requirements on dozens of occasions by failing to follow prescribed effluent testing procedures in its sampling for cyanide under its Facility Permits, consistent with 40 C.F.R. § 403.12(g)(5) and 40 C.F.R. Part 136.

**FIRST CLAIM FOR RELIEF**
**(Violation of Pretreatment Standards)**

40. The allegations set forth in Paragraphs 1 through 39 are incorporated herein by reference.

41. On multiple occasions between March 2017 and the Defendant's discontinuation of its industrial wastewater discharges from the LSRC Facility, the Defendant violated the discharge limits in Code Chapter 13.13 and its Facility Permits for ammonia, arsenic, fluoride, lead, oil and grease, phenols, and zinc.  Those discharge limit violations constituted violations of Pretreatment Standards under CWA Section 307(d), 33 U.S.C. § 1317(d).

42. Pursuant to CWA Section 309(b) and (d), 33 U.S.C. § 1319(b) and (d), the CPIAA, and EPA regulations codified at 40 C.F.R. Part 19, the Defendant is liable to the United States for civil penalties of up to $64,618 per day for each violation alleged in this Claim for Relief.

43. Pursuant to Ind. Code § 13-30-4-1, the Defendant is liable to Indiana for civil penalties of up to $25,000 per day for each violation alleged in this Claim for Relief.

## SECOND CLAIM FOR RELIEF
### (Violation of Monitoring and Sample Analysis Requirements)

44. The allegations set forth in Paragraphs 1 through 39 are incorporated herein by reference.

45. On multiple occasions between March 2017 and the Defendant's discontinuation of its industrial wastewater discharges from the LSRC Facility, the Defendant violated applicable monitoring and sample analysis requirements by failing to follow prescribed effluent testing procedures in its sampling for cyanide under Code Section 13.13.5.08 and Defendant's Facility Permits, consistent with 40 C.F.R. § 403.12(g)(5) and 40 C.F.R. Part 136.

46. Pursuant to CWA Section 309(b) and (d), 33 U.S.C. § 1319(b) and (d), the CPIAA, and EPA regulations codified at 40 C.F.R. Part 19, the Defendant is liable to the United States for civil penalties of up to $64,618 per day for each violation alleged in this Claim for Relief.

47. Pursuant to Ind. Code § 13-30-4-1, the Defendant is liable to Indiana for civil penalties of up to $25,000 per day for each violation alleged in this Claim for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States of America and the State of Indiana, pray that the Court:

1. Order the Defendant to pay a civil penalty to the United States of up to $64,618 per day for each violation;

2. Order the Defendant to pay a civil penalty to the State of Indiana of up to $25,000 per day for each violation pursuant to Ind. Code § 13-30-4-1;

3. Award the Plaintiffs their costs of this action; and

4. Grant the Plaintiffs such further relief as the Court deems just and proper.

Signature Page for Complaint in
*United States and the State of Indiana v. Lakeshore Railcar & Tanker Services LLC* (N.D. Ind.)

FOR THE UNITED STATES OF AMERICA:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Dated:  December 4, 2023          s/ *Randall M. Stone*
RANDALL M. STONE, Senior Attorney
SAMANTHA M. RICCI, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, DC  20044-7611
randall.stone@usdoj.gov
(202) 514-1308


CLIFFORD D. JOHNSON
United States Attorney
Northern District of Indiana


WAYNE T. AULT
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, IN   46320

Of Counsel:

ADAM MITTERMAIER
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 5

13

Signature Page for Complaint in
*United States and the State of Indiana v. Lakeshore Railcar & Tanker Services LLC* (N.D. Ind.)

FOR THE STATE OF INDIANA

THEODORE E. ROKITA
Attorney General of Indiana

|  |  |
|---|---|
| Dated: December 4, 2023 | s/ *Brendan Basaran*<br>Brendan Basaran<br>Attorney No. 38127-49<br>Deputy Attorney General<br>Office of the Attorney General<br>Indiana Government Center South, 5th Floor<br>302 West Washington Street<br>Indianapolis, Indiana 46204<br>Telephone:   317-234-4670<br>Facsimile:    317-232-7979<br>Email: Brendan.Basaran@atg.in.gov |
| Dated: December 4, 2023 | Kari A. Morrigan<br>Attorney No. 34706-49<br>Deputy Attorney General<br>Office of the Attorney General<br>Indiana Government Center South, 5th Floor<br>302 West Washington Street<br>Indianapolis, Indiana 46204<br>Telephone:   317-233-8296<br>Facsimile:    317-232-7979<br>Email: Kari.Morrigan@atg.in.gov |